IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEE KNOWLIN,

       Petitioner,           ORDER

  v.                 08-cv-640-bbc

RICHARD RAMISCH, Department
of Corrections Secretary; BRADLEY
HOMPE, Warden of Stanley Correctional
Institution; R. RICHARDSON, Security
Director of Stanley Correctional Institution;
JAMES TOTKA, Captain of Flambeau
Correctional Center and MARK HEISE,
Director of Offender Movement and
Classification;

       Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  In this proposed prisoner civil rights action, petitioner Lee Knowlin contends that respondents are subjecting him to a substantial risk of serious harm in violation of the Eighth Amendment by failing to take adequate steps to separate him from gang members who wish to harm him. In a previous order, I concluded that petitioner was indigent and I directed him to make an initial partial payment, which the court has received.

  Because petitioner is a prisoner, I am required under the 1996 Prison Litigation

1

Reform Act to screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Having reviewed petitioner's complaint, I conclude that he has failed to state a claim upon which relief may be granted because he has not exhausted his administrative remedies.

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. Woodford v. Ngo, 548 U.S. 81, 88-89 (2006).

The Wisconsin Administrative Code sets out the process for a prisoner to complete the grievance process. Wis. Admin. Code. § DOC 310.07 (prisoner first files grievance with inmate complaint examiner; prisoner may appeal adverse decision to corrections complaint

2

examiner and then to department secretary). Petitioner did not follow this process. He concedes in his complaint that he did not exhaust his administrative remedies. Cpt. ¶33, dkt. #1.

Petitioner says that he did not use the grievance process because he needs "immediate relief," but the need for a speedy resolution is generally an argument *in favor of* using the prison's internal procedures, which will be much faster than the relief that can be provided in the context of a federal lawsuit. Even when prisoners believe they face imminent harm,

> this does not mean, of course, that inmates are free to bypass adequate internal prison procedures and bring their health and safety concerns directly to court. . . . When a prison inmate seeks injunctive relief, a court need not ignore the inmate's failure to take advantage of adequate prison procedures, and an inmate who needlessly bypasses such procedures may properly be compelled to pursue them. . . . Even apart from the demands of equity, an inmate would be well advised to take advantage of internal prison procedures for resolving inmate grievances. When those procedures produce results, they will typically do so faster than judicial processes can. And even when they do not bring constitutionally required changes, the inmate's task in court will obviously be much easier.

Farmer v. Brennan, 511 U.S. 825, 847 (1994).

By filing a federal lawsuit before filing a grievance, petitioner failed to give officials at his prison a fair opportunity to resolve his problem. In accordance with circuit precedent, I must dismiss this case without prejudice to petitioner's refiling it after he completes the grievance process. Ford v. Johnson, 362 F.3d 395 (7th Cir. 2004) (when prisoner brings lawsuit before completing exhaustion process, case must be dismissed without prejudice,

3

even if prisoner has finished process since filing lawsuit). Although a prisoner's failure to exhaust his administrative remedies is an affirmative defense that normally must be proven by the defendants, a district court may raise an affirmative defense on its own if it is clear from the face of the complaint and any documents attached to it that the defense applies. Gleash v. Yuswak, 308 F.3d 758, 760-61 (7th Cir. 2002); Beanstalk Group Inc. v. AM General Corp., 283 F.3d 856, 858 (7th Cir. 2002) (documents attached to complaint become part of it for all purposes).

Petitioner may object to the exhaustion requirement because he believes that prison officials are likely to deny his grievance or because the grievance process cannot provide him with the money damages he seeks in this case. Unfortunately for petitioner, the Supreme Court has considered both of these objections and has concluded that a prisoner must complete the grievance process even when it appears that doing so is futile and even when the available administrative remedies do not include those sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).

In addition to dismissing the case, I must record a strike under 28 U.S.C. § 1915(g), which prohibits a prisoner from proceeding in forma pauperis when a federal court has dismissed three or more actions on the ground that the prisoner has failed to state a claim upon which relief may be granted, among other things. In Jones v. Bock, 127 S. Ct. 910, 920-21 (2007), the Supreme Court made it clear that a dismissal for failure to state a claim

4

is not limited to a dismissal on the merits. Rather, a complaint fails to state a claim upon which relief may be granted any time "the allegations, taken as true, show the plaintiff is not entitled to relief," including times when the complaint shows that a prisoner failed to comply with exhaustion requirements. Id. See also Kauthar SDN BHD v. Sternberg, 149 F.3d 659, 670 n.14 (7th Cir. 1998) (plaintiff may plead himself out of court by pleading facts showing that action is barred by affirmative defense). Because petitioner's complaint shows that his case must be dismissed for failure to exhaust his administrative remedies, he has failed to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that

1. This case is DISMISSED without prejudice to petitioner Lee Knowlin's refiling it after he has exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a).

2. A strike will be recorded under 28 U.S.C. § 1915(g).

3. Petitioner is obligated to pay the unpaid balance of his filing fees in monthly payments as described in 28 U.S.C. § 1915(b)(2). The clerk of court is directed to send a letter to the warden of petitioner's institution informing the warden of the obligation under Lucien v. DeTella, 141 F.3d 773 (7th Cir. 1998), to deduct payments from petitioner's trust fund

5

account until the filing fees have been paid in full.

Entered this 20th day of November, 2008.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge